IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ASUKWO MENDIE ARCHIBONG,

    Plaintiff,

v.

DAVID KAPPOS, Director,
United States Patent and
Trademark Office,

    Defendant.

Civil Action No. 1:12-cv-746

## MEMORANDUM OPINION

This matter comes before the Court on Defendant David Kappos' Motion for Summary Judgment. Plaintiff is a United States citizen and an African American male in his forties, his national origin is Nigeria. Plaintiff has a Biochemistry degree from the University of Uyo, Akwa Ibom State, Nigeria, a Juris Doctor from the University of the Pacific McGeorge School of Law, and a Master of Laws in Intellectual Property from the George Washington University School of Law. In August 2010, Plaintiff applied for six positions with the United States Patent and Trademark Office ("USPTO") through the website usajobs.gov. Plaintiff's application for each vacancy announcement included a resume and transcripts. His transcript from the University of Uyo was evaluated by World Education

1

Services ("WES") and translated into its United States equivalency. Plaintiff's applications did not indicate that he was licensed as an attorney in any state or a member of the patent bar.

The hiring of patent examiners is a multi-step process. The Office of Human Resources ("HR") of the USPTO receives the applications submitted for a vacancy announcement and employees review each application to determine if the applicant meets the prerequisites for the position. If an applicant meets the prerequisites they are deemed eligible and are added to a list of eligible applicants called the "Certificate of Eligibles". The Certificate of Eligibles is then passed on to the Patent Hiring Center. If an applicant does not meet the prerequisite qualifications they are informed. For the only vacancy in contention in this matter, the Patent Examiner Chemistry Vacancy (the "Chemistry Vacancy"), Plaintiff was not included on the Certificate of Eligibles.

The Chemistry Vacancy required 30 semester hours of chemistry, course work in differential and integral calculus, and at least 6 semester hours of physics. All requirements and details about the Chemistry Vacancy were clearly listed in the vacancy announcement. Plaintiff's application was reviewed by a USPTO HR Specialist, Bridgette Douglas, who is an African American woman in her fifties. Nowhere on Plaintiff's

2

application was his race, national origin or age indicated, and in Bridgette Douglas' affidavit she stated she was unaware of Plaintiff's race, national origin or age while reviewing Plaintiff's application. In August 2010, Plaintiff was informed that a foreign education evaluation of his transcript was needed to complete his application. It is unclear whether the WES evaluated foreign transcript from the University of Uyo was or was not submitted with the application materials at the time of original review but it was eventually evaluated for qualification. Plaintiff alleges he spoke with various USPTO employees about his application throughout the initial review process. Plaintiff was informed that HR was unable to determine whether Plaintiff met the math requirements for the Chemistry Vacancy. Plaintiff's WES translated transcript reflects 6 semester hours in Elementary Mathematics I & II, but no calculus curriculum. Because Plaintiff failed to meet all of the prerequisites and was therefore not qualified for the position, Plaintiff was not included on the Certificate of Eligibles for the Chemistry Vacancy.

In June 2011, Plaintiff filed a formal complaint of discrimination with the USPTO's Office of Equal Employment Opportunity and Diversity. In April 2012, after an investigation, the final agency decision was issued finding no unlawful discrimination or retaliation as to the Chemistry

Vacancy non-selection and various other non-selections challenged by the Plaintiff. Plaintiff brought this action under Title VII of the 1964 Civil Rights Act 42 U.S.C. Sec. 2000e et. seq. as amended and 42 U.S.C 1981a against the Director of the USPTO, David Kappos, in July 2012. Plaintiff amended his complaint in August 2012. In November 2012, Defendant David Kappos filed a Motion to Dismiss for Lack of Jurisdiction and a Motion for a Judgment on the Pleadings as to Claim IV and V of the First Amended Complaint, and a Motion for Summary Judgment as to Claims I, II and III. Plaintiff subsequently withdrew Claims IV and V, federal tort claims, specifically willful obstruction of employment and negligent review of Plaintiff's application. At the hearing on Defendant's Motion for Summary Judgment on December 7, 2012, Plaintiff limited his discriminatory non-selection argument to the Chemistry Vacancy, he did not oppose Defendant's arguments as to all other non-selections and those claims were withdrawn.

Further, Plaintiff made a retaliation claim as to a Patent Examination Policy Advisor Vacancy. His claim is moot as his non-selection for that vacancy occurred in November 2010, before the Plaintiff engaged in protected activity in April 2011. A Plaintiff establishing a claim of retaliation must show, at a minimum, that protected activity occurred and adverse employment action was taken as a result. Plaintiff did not engage in the

4

alleged protected activity of informing the USPTO's Office of Equal Employment Opportunity and Diversity that he planned to file a complaint until long after he had not been selected for the vacancy. Thus, this Court's decision is limited to Defendant's Summary Judgment Motion as to the Chemistry Vacancy.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). That is, "[t]he moving party need not produce evidence, but simply can argue that there is an absence of evidence" by which the nonmovant can prevail at trial. Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994).

The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a

question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). If the nonmovant fails to identify specific facts that demonstrate a genuine and material issue for trial, then the Court will grant summary judgment "to prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp., 477 U.S. at 324-25); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citing Felty, 818 F.2d at 1128).

Moreover, in order to establish a prima facie case of discrimination in the non-selection context plaintiff must show 1) he is a member of a protected group, 2) he applied for the position in question, 3) he was qualified for that position, and 4) the agency rejected his application under circumstances that give rise to an inference of unlawful discrimination. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005). Plaintiff must establish a prima facie case of discrimination, the burden then shifts to Defendant to articulate legitimate, non-discriminatory reasons for the

adverse employment decision. <u>Hux v. City of Newport News, Va.</u>, 451 F.3d 311, 314-15 (4th Cir. 2006).

Plaintiff has not established a prima facie case of discrimination. While Plaintiff is a member of a protected group as an African American, and he applied for the Chemistry Vacancy in question, he was not qualified for the position. Plaintiff's WES evaluated transcript from the University of Uyo lists all of Plaintiff's coursework. Differential and integral calculus, and any courses equivalent to calculus, are absent from the WES transcript. Plaintiff asserts that Elementary Mathematics I and II, listed in his transcript, include integral and differential calculus, but he sets forth no evidence proving such. There is no reason for an HR specialist preliminarily examining Plaintiff's transcripts for qualification for the Chemistry Vacancy to conclude that Elementary Mathematics I and II includes calculus, and there has been no evidence submitted to the Court demonstrating that those courses do include calculus. Regardless of any mistake that may have initially occurred with respect to the inclusion of Plaintiff's WES evaluated in his original application for the Chemistry Vacancy, the transcript was eventually evaluated properly and it was determined that he did not qualify for the Chemistry Vacancy.

Further, Plaintiff fails to set forth any circumstances that give rise to the inference of unlawful discrimination.

7

Defendant's articulated legitimate nondiscriminatory reason for the non-selection, that Plaintiff's application materials plainly did not qualify him for the Chemistry Vacancy, has been sufficiently demonstrated through the evidence submitted by Defendant to this Court. In addition, the HR specialist who reviewed and determined that Plaintiff was not eligible for the Chemistry Vacancy had no way of knowing Plaintiff's race, age or national origin, and she was African American and older than the Plaintiff herself, which mitigates discrimination concerns.

The Plaintiff has failed to establish a prima facie case of discrimination, and there is no genuine issue of material fact before this Court. Based on the facts and evidence submitted to the Court Plaintiff was not qualified for the Chemistry Vacancy and therefore there is a legitimate nondiscriminatory reason for Plaintiff's non-selection by the USPTO. Thus, this Court finds that summary judgment in favor of the Defendant is appropriate.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
January 15, 2013